GASKINS, J.
 

 | ]The defendant, Vester Johnson, appeals from his conviction by a jury for aggravated rape. He was ordered to serve the mandatory sentence for this offense, life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. For the following reasons, we affirm the conviction and sentence.
 

 FACTS
 

 On July 19, 2006, the defendant was indicted by a grand jury on a charge of aggravated rape of C.A.1
 

 [1]
 

 ,
 
 the eight-year-old granddaughter of the defendant’s wife. The indictment stated that the offense oc
 
 *609
 
 curred in September 2005 in Red River Parish.
 

 On September 1, 2006, the state filed a notice of intent to use other crimes evidence under La. C.E. art. 412.2 to establish the defendant’s lustful disposition toward children. According to the state, the defendant pled guilty on April 24, 1985, to carnal knowledge of a juvenile by having sexual intercourse with his 15-year-old stepdaughter, R.A.
 

 In January 2008, the defendant filed a motion
 
 in limine
 
 seeking to exclude the 1985 conviction, arguing that it was so old that its probative value would be outweighed by the danger of unfair prejudice or confusion of the issues, or would be misleading to the jury. The defendant also objected to the competency of C.A.1 to testify as a witness.
 

 Jury selection began on February 11, 2008. On February 12, 2008, the defense filed an additional motion
 
 in limine
 
 claiming that, through [¿‘open file” discovery with the state, the defense had become aware of various remarks, insinuations, innuendos and inferences to the effect that the defendant had engaged in other crimes. The defendant argued that these matters should be excluded from evidence. During the course of the hearing on the motions, the state revealed that it had recently spoken with two individuals, R.A. and C.A.2, and had decided to call them as witnesses. These individuals claimed that the defendant engaged in inappropriate unadjudicated behavior with them when they were minors. Regarding R.A., these allegations were in addition to the defendant’s conviction of carnal knowledge of a juvenile in which she was the victim. The trial court denied the motion
 
 in limine
 
 regarding the prior conviction, but granted the motion as to other crimes, remarks, insinuations and the testimony of R.A. and C.A.2 regarding unadjudicated offenses.
 

 Both the defendant and the state applied for writs to this court, complaining of the trial court rulings on the motions
 
 in li-mine.
 
 The jury, which had been impaneled, was sent home, to return after the writs were resolved. On February 18, 2008, this court granted both writs. We found that the trial court failed to make the necessary findings to properly rule on the motions
 
 in limine.
 
 We ordered that the state, outside the presence of the jury, was to present the evidence it sought to introduce regarding the prior conviction and the defendant could make arguments regarding the remoteness of the offense and any claimed lack of similarity to or relevance in the instant proceedings. The trial court was instructed to determine if the 1 oconviction was relevant and probative, using the balancing test of La. C.E. art. 403, as specified in La. C.E. art. 412.2.
 

 We also directed the state to put on the record, by the testimony of R.A. and C.A.2, the underlying events of any alleged unadjudicated misconduct of the defendant regarding those witnesses when they were less than 17 years of age. The trial court was instructed to determine if there was clear and convincing evidence of the commission of other similar crimes by the defendant against the witnesses, to make a determination of the relevancy and probative value in this proceeding, and to make a determination of the evidentiary value and admissibility under the balancing test of La. C.E. art. 403, as specified in La. C.E. art. 412.2.
 

 On February 21, 2008, the trial court held a hearing pursuant to this court’s ruling. R.A. testified that the defendant was her stepfather and that she lived in his household beginning when she was six years old. She claimed that the defendant began sexually abusing her when she was 10 years old. She stated that the defendant would take her to a storage room and
 
 *610
 
 have sex with her. She stated that this happened numerous times. The defendant threatened to harm R.A. or her mother if she told anyone. R.A. claimed that this abuse continued until, at age 11 or 12, she told her mother. R.A. was sent to live with her grandparents. R.A. stated that she told the state about the unadjudicated offenses shortly before the trial in this matter began.
 

 The facts forming the basis of the conviction for carnal knowledge of a juvenile occurred when R.A. was 15. The defendant and one of R.A.’s 14cousins picked her up from a dance. Instead of taking her home, the defendant drove to a remote location, ran the car into the ditch and, according to R.A., the defendant “proceeded to rape me.”
 

 The state also presented the testimony of the defendant’s daughter, C.A.2. She stated that in 1993, the defendant took her to a remote location and she thought that he was going to sexually abuse her, but nothing actually happened.
 

 The trial court found that the 1985 conviction for carnal knowledge of a juvenile was admissible. The court stated that it would allow some testimony regarding the basis of that conviction. The court also found that the testimony of R.A. regarding the unadjudicated offenses was admissible, with a limiting instruction to the jury. According to the trial court, this testimony established the defendant’s lustful disposition toward children. The trial court found that the testimony of C.A.2 was not admissible.
 

 The defendant and the state again filed writ applications. This court denied the writs on February 25, 2008, essentially finding that the trial court’s rulings were correct.
 

 On February 27, 2008, the trial court considered a pending motion for mistrial filed by the defendant claiming that he was denied the right to
 
 voir dire
 
 the jury on the unadjudicated other crimes evidence.
 
 [2]
 
 The defendant noted that he knew of the state’s intent to introduce the 1985 conviction for carnal knowledge of a juvenile, but the trial court had not ruled on the admissibility of the unadjudicated sexually as-saultive behavior at the time | sthe jury was questioned. He chose not to mention the conviction during his
 
 voir dire
 
 examination of the jury. The trial court noted that defense counsel was aware of the possible admissibility of the prior conviction and the trial court had asked the defense and the state whether they needed a ruling on admissibility prior to questioning the jury in order that they might question on that issue during
 
 voir dire.
 
 Both the defense counsel and the state indicated that they did not intend to mention the prior conviction during
 
 voir dire.
 
 The trial court stated that it did not see a lot of difference in choosing to forgo
 
 voir dire
 
 on the prior conviction as opposed to the unadjudicated acts. The trial court determined that the defendant was not denied his right to a full and complete
 
 voir dire
 
 of the jury.
 

 The defendant filed a writ application with this court complaining of the trial court ruling. On February 28, 2008, we denied the writ application, stating that the decision on the admissibility of the prior conviction coming after
 
 voir dire
 
 was in part attributable to the defendant’s failure to seek a definitive ruling before
 
 voir dire.
 
 We further found that whether any prejudice occurred from a lost opportunity to
 
 voir dire
 
 on the unadjudicated offenses could best be determined on a full record, including the complete record of the
 
 voir
 
 
 *611
 

 dire
 
 examination, pursuant to appellate review, in the event of a conviction.
 

 Presentation of the evidence and testimony to the jury began on March 4, 2008. On March 5, 2008, in an 11-1 jury verdict, the jury found the defendant guilty as charged of aggravated rape. On April 10, 2008, the defendant appeared before the court for sentencing. He filed motions for | fiacquittal and for new trial which were denied by the trial court. The defendant was sentenced to serve the mandatory sentence of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. He now appeals.
 

 SUFFICIENCY OF THE EVIDENCE
 

 The defendant claims that the evidence presented was insufficient to support the jury’s verdict. This argument is without merit.
 

 Legal Principles
 

 When issues are raised on appeal both as to the sufficiency of the evidence and one or more trial errors, the reviewing court first reviews the sufficiency claim. This is because the defendant may be entitled to an acquittal under
 
 Hudson v. Louisiana,
 
 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if the evidence is constitutionally insufficient.
 
 State v. Hearold,
 
 603 So.2d 731 (La.1992);
 
 State v. Parker,
 
 42,311 (La.App. 2d Cir.8/15/07), 963 So.2d 497,
 
 writ denied,
 
 2007-2053 (La.3/7/08), 977 So.2d 896.
 

 The
 
 Jackson
 
 standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime.
 
 State v. Youngblood,
 
 41,976 (La.App. 2d Cir.5/9/07), 957 So.2d 305,
 
 writ denied,
 
 2007-1226 (La.12/14/07), 970 So.2d 530.
 

 The standard of appellate review for a sufficiency claim, as set forth in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is now legislatively embodied in La. C. Cr. P. art. 821. This standard does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Robertson,
 
 1996-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 1994-3116 (La.10/16/95), 661 So.2d 442. The reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Hill,
 
 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209 (La.12/14/07), 970 So.2d 529.
 

 The testimony of a sexual assault victim alone is sufficient to convict a defendant. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant.
 
 State v. Chandler,
 
 41,063 (La.App. 2d Cir.9/8/06), 939 So.2d 574,
 
 writ denied,
 
 2006-2554 (La.5/11/07), 955 So.2d 1277.
 

 The crime of rape is defined in La. R.S. 14:41, which provides in pertinent part:
 

 A. Rape is the act of anal, oral, or vaginal sexual intercourse with a male or female person committed without the person’s lawful consent.
 

 _1⅛ •
 

 C. For purposes of this Subpart, “oral sexual intercourse” means the intention
 
 *612
 
 al engaging in any of the following acts with another person:
 

 (1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender.
 

 La. R.S. 14:42 defines aggravated rape. That statute provides in pertinent part:
 

 A. Aggravated rape is a rape committed upon a person ... where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
 

 [[Image here]]
 

 (4) When the victim is under the age of thirteen years. Lack of knowledge of the victim’s age shall not be a defense.
 

 Discussion
 

 C.A.1 testified at trial concerning the present offense which happened at a family gathering at the defendant’s home. She was there along with her brothers and sisters, her mother and grandmother, and her aunts, R.A. and C.A.2. C.A.1 was watching television in the living room with the defendant while the other children were in another room. The defendant told C.A.1 to come to the back room. When she complied, the defendant told her to pull down her pants. He then licked her “three times in my privates.” The defendant told her not to tell anyone and gave her a dollar. Upon questioning from her grandmother, C.A.1 related what had happened and she also told her mother. She did not remember how long it was after the incident that she told them. Later, an aunt told the girlfriend of C.A.l’s father about the incident. C.A.1 was not specific about when this offense | ^occurred. A police officer came to her father’s house and C.A.1 told the officer what happened. C.A.1 stated that she went to City Hall in Coushatta and talked to a female police officer and told her what happened. C.A.1 was also questioned at the Gingerbread House in Shreveport.
 

 On cross examination, C.A.1 admitted that after she told her aunt, C.A.2, about the incident, she later said that it did not happen. On redirect, C.A.1 was asked why she said that the incident did not happen. She replied, “Because they kept on asking me over and over.” She also testified that her mother asked her to say that the incident was just a dream.
 

 C.A.l’s father stated that the child lived with him and his girlfriend. He learned of the present offense and later confronted the defendant while they were riding together in a car. The defendant struck the child’s father in the mouth. The child’s father jumped out of the car and ran away. He heard what he thought were two gunshots, but he never looked back or saw the defendant with a gun. The child’s father testified that he was afraid of the defendant and that he waited about a month and one-half after he learned of the offense against C.A.1 before he confronted the defendant. The child’s father stated that he talked to Officer Ashanti Cole of the Cous-hatta Police Department the same night that he confronted the defendant.
 

 Officer Cole testified that he ran into C.A.l’s father at a truck stop in Coushatta. Officer Cole stated that he knew the child’s father was angry with the defendant and that the defendant had struck the father after he accused the defendant of molesting C.A.1. As a result of their conversation, | inOfficer Cole went to the house of the child’s father to talk to C.A.1. The child told Officer Cole that her grandfather licked her three times.
 

 Daphne Bonnette of the Louisiana Department of Social Services testified that she investigated the alleged sexual abuse in this case. She interviewed the defen
 
 *613
 
 dant, the child’s father, C.A.l’s siblings and mother, and C.A.1. Ms. Bonnette stated that she found the complaint valid for sexual abuse. She admitted that C.A.1 had been examined by a doctor who did not find any physical indication of molestation.
 

 Sonia Yearling, the assistant chief of the Coushatta Police Department, testified that she took a statement from C.A.1 after the incident. C.A.1 stated that she was at the defendant’s house and he told her to go into the back room. When she went to the back room, he licked her three times. When asked where the child claimed that the defendant licked her, Ms. Yearling replied, “Private area, vagina.” On cross examination, Ms. Yearling admitted that she thought the incident happened shortly before C.A.1 was brought to City Hall.
 

 R.A. testified concerning the events surrounding the defendant’s 1985 conviction of carnal knowledge of a juvenile as well as other unadjudicated offenses. Before she began her testimony, the trial court instructed the jury that the sole purpose for which evidence that the defendant had been involved in the commission of another offense could be used was to show that the defendant had a lustful disposition toward children to commit the crime charged. The trial court instructed the jury that it could not find the | n defendant guilty of the charged offense simply because he may have committed another offense.
 

 According to R.A., the defendant began sexually abusing her when she was 10 or 11 years old. She stated that the defendant threatened her not to tell anyone. She stated that the abuse occurred more than 10 times.
 

 R.A. also testified concerning the facts which occurred when she was 15 leading to the defendant’s conviction for carnal knowledge of a juvenile. R.A. was asked if the defendant had sexual intercourse with her when she was 15 and she responded in the affirmative. R.A. said that she reported the incident almost immediately. She stated that she took a polygraph test in 1984 and that she told the polygraph examiner that she had engaged in sexual intercourse with the defendant only six or seven times previously. She did not deny telling the examiner that the defendant did not threaten to hurt her if she did not have intercourse with him. R.A. stated that she told the polygraph examiner that she did not have sex voluntarily with the defendant. She also indicated that her mother told her that she failed the polygraph test.
 

 In this matter, the evidence shows that the defendant had a lustful disposition toward children. The,victim in this matter, C.A.1, was shown to be eight years old. She testified that the defendant licked her private parts three times while she was at his house. This testimony is sufficient to establish that the defendant engaged in oral sexual intercourse with the victim who is under the age of 13. The jury, as the trier of fact, found the | ^testimony to be credible. Therefore, the state proved beyond a reasonable doubt all the elements necessary for a conviction of aggravated rape.
 

 The defendant also argues that the state failed to prove that this offense occurred in Red River Parish. C.A.1 testified that the offense occurred at the defendant’s home. Under the facts presented here, the lack of a showing that the offense occurred in Red River Parish is not fatal to the conviction in this case.
 

 All criminal trials shall take place in the parish where the offense occurred. La. C. Cr. P. art. 611. The crime of aggravated rape does not have an offense element concerning the place of the crime.
 
 *614
 
 See
 
 State v. Rideout,
 
 42,689 (La.App. 2d Cir.10/31/07), 968 So.2d 1210.
 

 La. C. Cr. P. art. 615 states:
 

 Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
 

 Under this article, if the defendant feels that he is being charged for an offense that occurred in another parish, or that the state cannot prove the venue of the alleged crime, he must raise the issue before trial by a motion to quash, and it must be decided by the court before trial.
 
 State v. Rideout, supra; State v. Gatch,
 
 27,701 (La.App. 2d Cir.2/28/96), 669 So.2d 676,
 
 writ denied,
 
 1996-0810 (La.9/20/96), 679 So.2d 429. The reduced burden of proof listed in La. C. Cr. P. art. 615 states that the venue of the crime is not an element of the crime. Accordingly, the defendant’s failure to file a motion to quash waives any issue of venue.
 
 State v. Rideout, supra; State v. Gatch, supra.
 
 In the present case, the defendant failed to timely assert a motion to quash, raising an exception regarding venue. Therefore, that claim is waived.
 

 ADMISSIBILITY OF PRIOR ADJUDICATED AND UNADJUDI-CATED OFFENSES
 

 The defendant argues that the trial court erred in failing to exclude the 23-year-old conviction for carnal knowledge of a juvenile which occurred when R.A. was 15 years old. The defendant argues that the offense was not recent. He also points to the lack of similarity between the prior conviction and the present offense. The prior conviction was for carnal knowledge of a juvenile and the present offense is aggravated rape; the prior victim was 15 years old and the victim in the present case was eight years old; the prior activity was sexual intercourse and in the present case, the defendant was accused of oral to genital touching.
 

 The defendant further argues that the trial court erred in failing to exclude evidence of 29-year-old unadjudicated acts wherein the defendant had sexual intercourse with R.A. when she was 10 and 11 years old.
 

 The defendant claims that the allegations were not established by clear and convincing evidence. He urges that the trial court failed to establish, as required by La. C.E. arts. 412.2 and 403, that the evidence was relevant and that the probative value outweighed the danger of unfair prejudice, confusion of the issues, and danger of misleading the jury. These arguments are without merit.
 

 | uLegal Principles
 

 The state sought to introduce into evidence the prior conviction as well as evidence of unadjudicated acts committed on R.A., while she was a juvenile, to show the defendant’s lustful disposition toward children. Such evidence is allowed under La. C.E. art. 412.2. That articles states:
 

 A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused’s commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
 

 
 *615
 
 B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
 

 C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
 

 The balancing test required for a determination of admissibility is contained in La. C.E. art. 403, which provides:
 

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
 

 Relevant evidence is defined in La. C.E. art. 401:
 

 “Relevant evidence” means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
 

 A trial court’s decision on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion.
 
 State v. Caston,
 
 43,565 (La.App. 2d Cir.9/24/08), 996 So.2d 480;
 
 State v. Cooks,
 
 36,613 (La.App. 2d Cir.12/4/02), 833 So.2d 1034.
 

 Discussion
 

 Other crimes, wrongs, or acts involving sexually assaultive behavior or which indicate a lustful disposition toward children may be admissible under La. C.E. art. 412.2 if their probative value substantially outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time. In this matter, the defendant was charged with a sex offense involving a victim under the age of 17. A prior criminal conviction for carnal knowledge of a juvenile and evidence of prior sexual acts with a young child were introduced to show the defendant’s lustful disposition toward children. La. C.E. art. 412.2 does not set forth any time limitations for the use of such prior convictions or acts and does not require that the prior acts be identical in nature to the charged offense.
 

 In the present case, the prior conviction showed that the defendant had engaged in sexual relations with a minor, R.A., in the past. The unadjudicated acts showed that the defendant had previously engaged in other sexual activity with R.A. when she was a young girl living in the defendant’s household. In fact, R.A.’s age at the time of the unadjudicated acts was similar to that of the victim in the present offense. The trial court properly found that the prior conviction and the unadjudicated acts were admissible because they demonstrated that the defendant had a lustful disposition toward children. See and compare
 
 State v. Caston, supra; State
 
 v.
 
 Humphries,
 
 40,810 (La.App. 2d Cir.4/12/06), 927 So.2d 650,
 
 writ denied,
 
 2006-1472 (La.12/15/06), 944 So.2d 1284.
 

 The record shows that the trial court applied the balancing test required under La. C.E. art. 403 whereby the probative nature of such evidence is weighed against the prejudicial effect. In allowing the pri- or conviction to be used at trial, the lower court stated that it had previously considered the balancing test of La. C.E. art. 403 and found that the prior conviction was admissible, with certain limitations. Prior to R.A.’s testimony, the trial court gave the jury a limiting instruction that the evidence that the defendant was involved in the commission of an offense other than
 
 *616
 
 the offense for which he was on trial was to be considered only for the limited purpose of showing that the defendant had a lustful disposition “to commit the crime charged.”
 

 In connection with R.A.’s testimony regarding the unadjudicated offenses, the trial court specifically found that it was relevant to show the defendant’s lustful disposition toward children, particularly given R.A.’s young age when the acts occurred. The trial court recognized that there would be some prejudicial effect from the admission of this testimony, but found that the testimony was admissible with a limiting instruction. At the close of the trial, the trial court instructed the jury as follows:
 

 Evidence that the defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose. The sole purpose for which evidence may be considered is whether it tends to show that the defendant had a lustful disposition to commit the crime charged. Remember that the accused is on trial only for the offense charged. You may not find him guilty for this offense merely because he may have committed another offense.
 

 117The defendant also objects that the prior unadjudicated offenses testified to by R.A. were not proven by clear and convincing evidence as required by
 
 State v. Davis,
 
 449 So.2d 466 (La.1984), and
 
 State v. Mills,
 
 2000-2525 (La.App. 4th Cir.12/27/01), 806 So.2d 59,
 
 writ denied,
 
 2002-0278 (La.10/25/02), 827 So.2d 1171, To the contrary, R.A.’s testimony provided a sufficient degree of specificity to establish that the offenses were in fact committed.
 

 We note that this court has previously reviewed the trial court’s rulings on the admissibility of the prior conviction and the unadjudicated acts pursuant to writ applications by both the defendant and the state. As set forth above, on February 25, 2008, this court found that the trial court did not abuse its discretion regarding these rulings. Based upon our review of the full record, we reaffirm our finding that the trial court did not abuse its discretion regarding the admissibility of the evidence and testimony. We find no error in the trial court’s ruling. The defendant’s arguments to the contrary are without merit.
 

 MISTRIAL REGARDING
 
 VOIR DIRE
 

 The defendant argues that the trial court erred in failing to declare a mistrial because the defendant was denied an opportunity to a full
 
 voir dire
 
 of the jury regarding other crimes evidence admitted pursuant to La. C.E. arts. 412.2 and 403.
 

 The defendant argues that he was aware of the 1985 conviction prior to jury selection but, because the trial court had not yet ruled on the admissibility of the conviction, he did not voir
 
 dire
 
 the jury on that issue. 11sHe also claims that he was not aware of the unadjudicated acts until after the jury was impaneled.
 
 [3]
 
 He asserts that, had he known before
 
 voir dire
 
 that the prior conviction and the unadjudicated acts would be admissible, he would have had the right to
 
 voir dire
 
 the jury about the evidence. He also urges that, assuming that the trial court would give a limiting instruction regarding these matters, he would have
 
 voir dired
 
 the jury regarding this principle of law. He maintains that
 
 *617
 
 his right to a fair trial was significantly prejudiced as a result of the timing of the trial court’s ruling on the admissibility of the evidence. Accordingly, the defendant argues that the trial court erred in failing to declare a mistrial on this issue. This argument is without merit.
 

 Legal Principles
 

 The accused has the right to full
 
 voir dire
 
 examination of prospective jurors and to peremptory challenges. La. Const, art. 1, § 17. The purpose of
 
 voir dire
 
 examination of prospective jurors is to determine their qualifications by testing their competency and impartiality;
 
 voir dire
 
 examination is designed to discover bases for challenges for cause, and to secure information for the intelligent exercise of peremptory challenges.
 
 State v. Taylor,
 
 1993-2201 (La.2/28/96), 669 So.2d 364,
 
 cert. denied, Taylor v. Louisiana,
 
 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996). A juror may be challenged for cause if the juror will not accept the law as given to him by the court. La. C. Cr. P. art. 797(4). In analyzing whether the
 
 voir dire
 
 afforded a defendant was sufficiently full, the court examines the
 
 voir dire
 
 as a whole.
 
 State v. Hall,
 
 616 So.2d 664 (La.1993). | ¶ ^Allegations regarding error at
 
 voir dire
 
 are reviewed by looking at the process as a whole and under an abuse of discretion standard.
 
 State v. Taylor, supra; State v. Hall, supra.
 

 Mistrials are governed by La. C. Cr. P. arts. 770, 771, and 775. La. C. Cr. P. art. 770 sets forth the mandatory grounds for a mistrial when certain prejudicial comments are made within the hearing of the jury by the judge, district attorney, or a court official during the trial or in argument. La. C. Cr. P. art. 771 outlines instances in which an admonition may be an appropriate remedy rather than a mistrial. La. C. Cr. P. art. 775 sets forth discretionary grounds for a mistrial.
 

 Mistrial is a drastic remedy which is warranted only when substantial prejudice would otherwise result to the accused. The trial court has the discretion to determine whether a fair trial is impossible or whether a jury admonition is adequate to assure a fair trial when alleged misconduct does not fit into the provisions for a mandatory mistrial, and the ruling will not be disturbed absent an abuse of discretion.
 
 State v. Clem,
 
 33,686 (La.App. 2d Cir.11/1/00), 779 So.2d 763,
 
 writ denied,
 
 2000-3498 (La.10/5/01), 798 So.2d 964.
 

 Discussion
 

 The record shows that the defendant knew about the prior conviction while
 
 voir dire
 
 was taking place. The trial court specifically asked defense counsel if he wanted the court to rule on the admissibility of the prior conviction prior to
 
 voir dire.
 
 Defense counsel made the decision not to have the court rule before
 
 voir dire
 
 and chose not to
 
 voir dire
 
 the jury | ^regarding that conviction. In our February 28, 2008, denial of the defendant’s writ application regarding this issue, we observed that the trial court action was in part attributable to the defendant’s failure to seek a definitive ruling on the prior conviction prior to
 
 voir dire.
 
 Based upon these facts, the defendant cannot now complain that he was denied his right to full
 
 voir dire
 
 regarding the prior conviction.
 

 As to the unadjudicated acts, in our prior writ denial, we stated that the decision of whether the defendant was improperly deprived of his right to
 
 voir dire
 
 could be decided an appeal, based upon a full record, including the complete record of the
 
 voir dire,
 
 in the event the defendant was convicted. The defendant has failed to show any practical difference in choosing to forgo
 
 voir dire
 
 on the prior conviction as opposed to the unadjudicated acts. Further, we note that the record in this
 
 *618
 
 matter does not contain the Ml transcript of the
 
 voir dire
 
 examination that was conducted below. Based upon this record, the defendant has failed to demonstrate that the trial court abused its discretion regarding
 
 voir dire,
 
 that it improperly deprived him of full
 
 voir dire
 
 in this matter, or erred in failing to grant a mistrial on these grounds. Accordingly, we reject the defendant’s argument in this regard.
 

 MISTRIAL REGARDING DELAY BETWEEN IMPANELING JURY AND PRESENTING EVIDENCE
 

 The defendant argues that the trial court erred in failing to declare a mistrial when the 12-person jury was impaneled for 22 days without hearing any evidence. This argument is without merit.
 

 121 Discussion
 

 The record in this case shows that the jury was impaneled on February 12, 2008, and then the trial court made decisions regarding the admissibility of evidence. Following that ruling, three separate rounds of writ applications were made to this court. Pending those decisions, the jury was told that they would be notified when to return for trial of this matter. Trial began on March 4, 2008. The defendant makes the bare assertion that it was clearly prejudicial to his right to a fair trial to have a jury sworn and seated for 22 days without hearing any evidence. The defendant has cited no authority in support of this argument and has failed to show how he was prejudiced. Accordingly, we reject this argument.
 

 MISTRIAL REGARDING UNDERLYING FACTS OF THE DEFENDANT’S PRIOR CONVICTION
 

 The defendant contends that the trial court erred in failing to declare a mistrial during the testimony of R.A. when she was allowed to testify regarding the underlying facts of the defendant’s April 24, 1985, conviction of carnal knowledge of a juvenile. The defendant specifically objects to the use of the word “rape” by R.A. in describing the activity that led to the defendant’s conviction for carnal knowledge of a juvenile. This argument is without merit.
 

 Legal Principles
 

 Mistrial is a drastic remedy which is warranted only when substantial prejudice would otherwise result to the accused. La. C. Cr. P. art. 770 states that, upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district ^attorney, or a court official, during the trial or in argument, refers directly or indirectly to certain statements including another crime committed or alleged to have been committed by the defendant. When the statements are made by a witness or a person other than the judge, district attorney, or court official, La. C. Cr. P. art. 771 applies and provides in pertinent part:
 

 In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
 

 (2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
 

 In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not
 
 *619
 
 sufficient to assure the defendant a fair trial.
 

 Even if a mistrial was warranted under La. C. Cr. P. arts. 770, 771, or 775, the failure to grant a mistrial would not result in an automatic reversal of the defendant’s conviction, but would be a trial error subject to the harmless error analysis on appeal.
 
 [4]
 
 Trial error is harmless where the verdict rendered is “surely unattributable to the error.”
 
 State v. Johnson,
 
 1994-1379 (La.11/27/95), 664 So.2d 94.
 

 Discussion
 

 The record shows that the trial court agreed to allow R.A. to testify to certain underlying facts regarding the 1985 conviction for carnal knowledge of a juvenile, with some limitations. However, the trial court did not outline 123the limitations of the testimony prior to the time the witness took the stand. During R.A.’s testimony, in describing the events that led to the defendant’s 1985 guilty plea, R.A. stated that the defendant raped her. The defense counsel objected and asked for a mistrial. The trial court determined that an admonition to the jury would be the appropriate remedy. The trial court instructed the jury as follows:
 

 THE COURT: Okay. Ladies and gentlemen of the jury, after discussion with the parties, [R.A.] was on the stand earlier and testified — [the state] asked her what happened and she said he raped me. And my admonishment to you, which is me telling you to one, I’m going to strike that from the record, that word. And the reason is, is that is a legal conclusion. The Criminal Code defines what rape is and it sets forth specific details. And, with regard to this case you will get specific details that apply to this case and this case alone, not to a case that happened earlier. A stipulation will be entered with regard to Mr. Johnson pleading to carnal knowledge of a juvenile, not rape. Okay? In addition, I’ll go ahead and admonish you with regard to other-[R.A.] also testified to other violent acts, which allegedly may or may not have occurred. With regard to these acts, they do not support the basis of the conviction, felony carnal knowledge of a juvenile, and you should only consider those, that testimony for the basis of showing lustful disposition, as I indicated in my prior admonishment. If you remember, it said, the sole purpose for which evidence is considered is whether it tends to show the defendant had a lustful disposition to commit the crime charged. And, with that, are you all ready to bring [R.A.] in?
 

 The victim of the prior sexually assaul-tive behavior is permitted to testify about some of the circumstances of the prior crime which evidence the defendant’s lustful disposition toward children. R.A. testified that she was taken to a remote location and described how the defendant forced himself on her as she tried to resist. R.A.’s use of the word “rape” was clearly an attempt by her to describe nonconsen-sual sexual intercourse. I^This term fit her description of the crime, although the defendant had pled guilty to carnal knowledge, a consensual crime.
 

 We do not find the use of the word “rape” in R.A.’s description of the prior crime to be subject to the provisions of La. C. Cr. P. arts. 770 or 771. Were it deemed to be a prejudicial remark, the judge’s admonishment to the jury, which clarified the conviction of the defendant and reminded the jury of the purpose of the testimony, would be an appropriate reme
 
 *620
 
 dy. The court did not err when it denied the motion for a mistrial.
 

 MISTRIAL REGARDING PREJUDICIAL STATEMENTS BY A WITNESS
 

 The defendant argues that the trial court erred in failing to grant a mistrial during the testimony of R.A. when she specifically stated in the presence of the jury that the defendant committed other crimes against his wife, where such evidence was prohibited by court order, was not disclosed to counsel, and there was no
 
 Prieur
 
 hearing. The defendant points to two instances during the testimony of R.A. where she stated that the defendant was abusive to his wife, R.A.’s mother. The defendant argues that this testimony ran afoul of the trial court’s ruling on a motion
 
 in limine
 
 restricting the state and its witnesses from making any remarks, insinuations, innuendoes, and inferences to the effect that the defendant engaged in what could be construed as other crimes. The defendant argues that this statement violated the motion
 
 in limine
 
 and was relevant only for showing that the defendant was a bad person. This argument is without merit.
 

 | ^Discussion
 

 The testimony of R.A., complained of by the defendant, occurred when the state asked the witness what would happen after the defendant finished engaging in sexual activity with her when she was a young child. The following exchange occurred:
 

 Q. Once it was over what happened?
 

 A. He’d get up, have me to get up and tell me, basically threaten me not to tell anyone, my mom or nobody.
 

 Q. When you say “threaten you” what were the threats?
 

 A. So you don’t tell anybody or hurt you or them, don’t tell anybody, because he was abusive to my mom anyways.
 

 Q. Did you ever try to resist him, [R.A.]?
 

 A. Yes, of course, you know, you’re ten. Yes, in some ways.
 

 Q. And what would happen if you tried to resist him?
 

 A. Him get tighter, holding tighter by the neck. And then you-You’re ten or eleven years old and then you kind of frightened of him anyway because of what you see, what goes on at home, with him and my mom, how abusive he was with her.
 

 The limitations of the motion
 
 in limine
 
 appear to have been directed to other instances involving inappropriate sexual behavior. Therefore, R.A.’s statements regarding the abuse of her mother did not fall within the scope of the motion
 
 in li-mine.
 
 The comments by R.A. were very brief and she did not elaborate upon them. Additionally, they were part of the
 
 res gestae
 
 of the earlier acts by the defendant and some of the underlying facts regarding those acts are admissible. We find the reference to the threats made in conjunction with the prior sexually abusive behavior to be admissible. Even if this reference was outside the ambit of La. C.E. art. 1 -⅝412.2, the judge’s admonishment included other violent acts, and directed the jury to only consider the acts described for a determination of whether the defendant had a lustful disposition toward children. Therefore, we find no trial court error in failing to grant a motion for mistrial in connection with these statements.
 

 CHARACTER WITNESSES
 

 The defendant claims that the trial erred in failing to allow him to call character witnesses to testify regarding the defendant’s character for truthfulness and
 
 *621
 
 veracity. He urges that, even though he did not testify at trial, two of the state’s witnesses, Daphne Bonnette and Leslie Taylor, acknowledged on the stand that the defendant emphatically denied committing the offense charged in this case. The defendant argues that this evidence was admissible under La. C.E. arts. 607 and 608. This argument is without merit.
 

 Legal Principles
 

 Regarding character evidence of the accused, La. C.E. art. 404 provides, in pertinent part:
 

 A.Character evidence generally. Evidence of a person’s character or a trait of his character, such as a moral quality, is hot admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
 

 (1) Character of accused. Evidence of a pertinent trait of his character, such as a moral quality, offered by an accused, or by the prosecution to rebut the character evidence; provided that such evidence shall be restricted to showing those moral qualities pertinent to the crime with which he is charged, and that character evidence cannot destroy conclusive evidence of guilt.
 

 |a7La. C.E. art. 607 provides:
 

 A. Who may attack credibility. The credibility of a witness may be attacked by any party, including the party calling him.
 

 B. Time for attacking and supporting credibility. The credibility of a witness may not be attacked until the witness has been sworn, and the credibility of a witness may not be supported unless it has been attacked. However, a party may question any witness as to his relationship to the parties, interest in the lawsuit, or capacity to perceive or to recollect.
 

 C. Attacking credibility intrinsically. Except as otherwise provided by legislation, a party, to attack the credibility of a witness, may examine him concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony.
 

 D. Attacking credibility extrinsically. Except as otherwise provided by legislation:
 

 (1) Extrinsic evidence to show a witness’ bias, interest, corruption, or defect of capacity is admissible to attack the credibility of the witness.
 

 (2) Other extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness’ testimony, is admissible when offered solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice.
 

 La. C.E. art. 608 specifies:
 

 A. Reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of general reputation only, but subject to these limitations:
 

 (1) The evidence may refer only to character for truthfulness or untruthfulness.
 

 (2) A foundation must first be established that the character witness is familiar with the reputation of the witness whose credibility is in issue. The character witness shall not express his personal opinion as to the character of the witness whose credibility is in issue.
 

 1 g«(3) Inquiry into specific acts on direct examination while qualifying the character witness or otherwise is prohibited.
 

 B. Particular acts, vices, or courses of conduct. Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic
 
 *622
 
 evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.
 

 C. Cross-examination of character witnesses. A witness who has testified to the character for truthfulness or untruthfulness of another witness may be cross-examined as to whether he has heard about particular acts of that witness bearing upon his credibility.
 

 Discussion
 

 We note that La.C.E. arts. 607 and 608 deal with the credibility of witnesses. The defendant did not take the stand in this case and therefore was not a witness. These articles have no application in this matter.
 

 Under La. C.E. art. 404, the defense may present character evidence of the accused, but such evidence is limited to moral qualities pertinent to the crime. In this case, the defendant’s reputation for truth and veracity has no bearing on his propensity, or lack thereof, to engage in illegal sexual conduct with minors. See and compare
 
 State v. Thornhill,
 
 188 La. 762, 178 So. 343 (1937);
 
 State v. Landry,
 
 359 So.2d 99 (La.1978); and
 
 State v. Lucas,
 
 39,419 (La.App. 2d Cir.3/9/05), 896 So.2d 331. Under the facts of this case, the trial court did not err in refusing to allow the defendant to present character witnesses to establish his reputation for truth and veracity.
 

 | ^CONCLUSION
 

 For the reasons stated above, we affirm the conviction and sentence of the defendant, Vester Johnson, for aggravated rape.
 

 AFFIRMED.
 

 [1]
 

 . In compliance with La. R.S. 46:1844(W), we will use only the initials of the minor victim of this offense and other witnesses who testified concerning prior alleged sexual offenses by the defendant against them while they were minors.
 

 [2]
 

 . The defendant had also filed a motion to quash. Ruling on that motion was deferred to the end of the trial at which time the defendant withdrew the motion.
 

 [3]
 

 . The record shows that the state was not aware of the unadjudicated acts until shortly before the trial of the case began. There is no allegation or showing in this record that the state unduly delayed informing the defendant regarding the testimony concerning unadjudi-cated acts.
 

 [4]
 

 . La. C. Cr. P. art. 775 outlines the discretionary grounds for mistrial.