PER CURIAM.
| granted in part; denied in part. In this capital prosecution, the state has charged the defendant in a single count with the aggravated rape of a female under the age of 12 years committed between October 1999, and April 2000. The state has alleged on record in the trial court that “the victim in this matter was raped twice over a period of time,” that she became pregnant by “the second intercourse” and that the fetus was then aborted. The state has possession of DNA test results of samples taken from the aborted fetus indicating a high probability that defendant or another male relative in his genealogical line was the father.
If the state elects not to present this DNA evidence at trial to corroborate the victim’s testimony that she had sexual intercourse with defendant, then we agree with the court of appeal that Louisiana’s rape shield law, La.C.E. art. 412, bars any *267 evidence purporting to show that defendant’s teenage son had a sexual relationship with the victim in the time frame alleged in the grand jury indictment and that he was the likely father of the aborted fetus. Louisiana’s statute generally precludes 1^evidence of specific instances of the victim’s past sexual behavior, defined as “sexual behavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged.” La.C.E. art. 412(F). If the state does not make an issue of the aborted fetus and its likely paternity, the question of whether defendant’s son engaged in sexual behavior with the victim that resulted in the terminated pregnancy has no relevance to the allegation that defendant raped the victim and any evidence in that regard would undercut the purposes of rape shield laws to “protect victims of rape from being exposed at trial to harassing or irrelevant questions concerning their past sexual behavior.” Michigan v. Lucas, 500 U.S. 145, 146, 111 S.Ct. 1743, 1745, 114 L.Ed.2d 205 (1991).
However, if the state elects to present at trial evidence of DNA tests results indicating a high probability that defendant fathered the aborted fetus, whether it elects to present that evidence alone or in connection with other DNA evidence excluding possible paternity by defendant’s son, then we agree with the trial court that art. 412 does not and cannot, given a defendant’s Sixth Amendment right to confront adverse witnesses and present a defense, preclude the defense from “raising] any and all reasonable doubts as to the validity of the DNA results” even if that challenge tends to show that the aborted fetus was the product of the victim’s sexual behavior with another person. See Fed. R.Evid. 412, Advisory Committee Notes (“Where the prosecution has directly or indirectly asserted that the physical evidence originated with the accused, the defendant must be afforded an opportunity to prove that another person was responsible.”). In the context of record assertions by the state that its prosecution of defendant rests on two acts of sexual intercourse, the second of which led to impregnation of the victim resulting in an early term abortion of the fetus, scientific evidence regarding the identity of | ¡¡the father is not evidence relating to the victim’s past sexual behavior as specifically defined in art. 412(F) but evidence relating to the charged criminal act(s) placed at issue and made directly relevant to the question of defendant’s guilt or innocence by the state. See Teemer v. State, 615 So.2d 234, 236 (Fla.App. 3rd Dist.1993)(rape shield statute did not preclude DNA evidence that semen found in victim’s vagina was not defendant’s because such evidence was offered not to establish victim’s prior sexual conduct but to bolster defendant’s claim of misidentification).
To the extent that defendant’s motion purporting to provide notice under La.C.E. art. 412 did not include an accompanying statement of the evidence that he intends to present at trial, the trial court did not have before it, and we express no opinion with regard to, the question of whether substantively or procedurally the defendant may present other evidence of specific instances of prior sexual behavior by the victim to show that another person was the “source of semen or injury” for purposes of the exception provided by La.C.E. art. 412(B)(1) to the general rule of preclusion.