Judgment rendered July 16, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,363-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ANTHONY J. REMEDES                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 389,078

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

COURTNEY N. RAY
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**PITMAN, C. J.**

Defendant Anthony J. Remedes appeals as constitutionally excessive his three sentences of 30 years at hard labor without benefit of parole, probation or suspension of sentence, to be served consecutively, which were imposed after he pled guilty to three counts of possession of pornography involving a juvenile when the victim is under the age of 13 years, violations of La. R.S. 14:81.1.  For the following reasons, we affirm.

## FACTS

Defendant was charged with three counts of violating La. R.S. 14:81.1(A)(1) and (E)(5)(a), pornography involving juveniles when the victim is under the age of 13 and the offender is 17 years of age and older. On April 24, 2023, Defendant pled guilty and admitted to purchasing and possessing pornography depicting three victims, ages 3 to 5 years old, 4 to 5 years old, and 10 to 13 years old, being victimized and forced to perform oral sex on adult males, including having at least two of the men masturbate into the mouths of the two youngest children.

The trial court informed him that the sentencing range for his crimes was a minimum of 10 years in prison and a maximum of 40 years without benefit of parole, probation or suspension of sentence.  No mention was made of whether the sentences would be imposed concurrently or consecutively.  Defendant was informed of all of his rights and those he would be waiving if he pled guilty, and he acknowledged he understood.  He pled guilty to all three counts without entering a plea bargain agreement. A presentence investigation report ("PSI") was ordered.

On June 26, 2023, the trial court reviewed the facts in the PSI and found that Defendant was 39 years old at the time of his arrest, he had

graduated from high school, lived alone, had never been married, had never been employed and had a criminal history of two counts of cyberstalking and one of pornography involving juveniles. It considered factors found in La. C. Cr. P. art. 894.1 and found there was undue risk that he would commit another crime, that he was in need of correctional treatment or custodial environment and that a lesser sentence would deprecate the seriousness of the crimes. It also considered mitigating factors and found none but did find aggravating factors. Having so stated, it imposed 30-year sentences for each of the three crimes to which Defendant pled guilty, to be served consecutively to each other without benefit of parole, probation or suspension of sentence. It waived the mandatory fine of $50,000. Defendant made no objection at the time of sentencing but filed a motion to reconsider sentence days later, which was denied.

Defendant appeals his sentences and claims that the consecutive nature of the three sentences causes them to be constitutionally excessive.

## DISCUSSION

Defendant argues that the three sentences, which were 30 years each, but which were made consecutive instead of concurrent, now total a 90-year sentence without benefits. He contends that the consecutive sentences are effectively a life sentence and are constitutionally harsh. He notes that even though a sentence is within statutory limits, it can be reviewed for constitutional excessiveness when the punishment is grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.

The state argues that a reviewing court may not set aside a sentence absent an abuse of discretion. It contends that Defendant limited his sole

2

issue for review to the total sentence of 90 years and whether the total sentence was excessive. The state asserts that the framing of this issue is nothing more than an attempt to review the consecutive sentences as one that is constitutionally excessive, when, in fact, the sentences were three separate sentences of 30 years each for three separate crimes. Defendant was informed at the time of the guilty plea that his exposure to incarceration was 10 to 40 years for each crime. It contends that the failure to assert as error the excessiveness of the sentences on each separate count prohibits review on that particular issue. It also contends that the proportionality of the sentences is not briefed and is not subject to review. It argues that those sentences are not excessive, and there has been no abuse of discretion in the trial court's decision to order the sentences to be served consecutively.

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The trial judge is not limited to a consideration of the defendant's prior convictions but may properly review all of his prior criminal activity. *State v. Russell*, 40,526 (La. App. 2 Cir. 1/27/05), 920 So. 2d 866, *writ denied*, 06-0478 (La. 9/29/06), 937 So. 2d 851. The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v.*

*Quiambao*, 36,587 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1103, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130.

Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id*. A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. *State v. Square*, 433 So. 2d 104 (La. 1983); *State v. Black*, 28,100 (La. App. 2 Cir. 2/28/96), 669 So. 2d 667, *writ denied*, 96-0836 (La. 9/20/96), 679 So. 2d 430. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

Regarding concurrent and consecutive sentences, La. C. Cr. P. art. 883 provides in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Concurrent sentences arising out of a single cause of conduct are not mandatory, and it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. *State v. Pittman*, 51,602 (La. App.

4

2 Cir. 4/11/18), 244 So. 3d 830, *writ denied*, 18-0701 (La. 10/15/18), 253 So. 3d 1307. A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence or record. *Id*. When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. *Id*. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the potential for defendant's rehabilitation and whether defendant has received a benefit from a plea bargain. *Id*. The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support consecutive sentences. *Id*.

The decision to make sentences consecutive rather than concurrent is within the trial court's discretion. *State v. Farria*, 412 So. 2d 577 (La. 1982); *State v. Moss*, 55,454 (La. App. 2 Cir. 1/10/24), 379 So. 3d 285.

La. R.S. 14:81.1(A)(1) and (E)(5)(a), entitled Pornography Involving Juveniles, states:

> A.(1) It shall be unlawful for a person to produce, promote, advertise, distribute, possess, or possess with the intent to distribute pornography involving juveniles.
> * * *
> E. (1)(a) Whoever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence.
> * * *
> (5)(a) Whoever commits the crime of pornography involving juveniles punishable by the provisions of Paragraph (1), (2), or (3) of this Subsection when the victim is under the age of thirteen years and the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not

5

less than one-half the longest term nor more than twice the longest term of imprisonment provided in Paragraph (1), (2), and (3) of this Subsection. The sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

The trial court correctly informed Defendant that the sentencing range for the crimes to which he pled guilty was 10 to 40 years at hard labor to be served without benefit of parole, probation or suspension of sentence. It made no statements concerning whether the sentences for the three crimes would be imposed concurrently or consecutively. The sentences of 30 years for each incident are not constitutionally excessive and are within the parameters prescribed by law.

The sentencing transcript in the record does not specifically contain any statement specifying why the sentences were imposed consecutively; however, the trial court thoroughly discussed all of the factors pertinent to the imposition of sentence. It also discussed the factors under La. C. Cr. P. art. 894.1, including Defendant's criminal history showing two counts of cyberstalking and one count of pornography involving juveniles in 2016. It found there was an undue risk that Defendant would commit another crime, that he is in need of correctional treatment or a custodial environment and that aggravating factors applied. These aggravating factors included that the offenses involved multiple victims and separate incidents for which separate sentences had not been imposed. It also found no mitigating factors. It stated that serious harm was done to the children who were the victims of these crimes.

We find no abuse of discretion in the sentencing by the trial court. The failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support

6

consecutive sentences. The vile nature of the pornographic images possessed by Defendant warrants the sentences imposed. Each individual sentence is appropriate, and the imposition of consecutive sentences was within the broad discretion of the court. For the foregoing reasons, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the three convictions and three sentences of 30 years each at hard labor, without benefit of parole, probation or suspension of sentence, to be served consecutively, imposed upon Defendant Anthony J. Remedes are affirmed.

**AFFIRMED.**