WALTER J. ROTHSCHILD, Judge.
|2On July 26, 2010, the St. Charles Parish District Attorney filed a bill of information charging defendant, Gus J. Williams, with molestation of a juvenile in violation of LSA-R.S. 14:81.2. He pled not guilty at arraignment. Defendant proceeded to trial on January 26, 2011, and a 12-person jury found him guilty as charged. On April 26, 2011, defendant was sentenced to 60 years imprisonment at hard labor, to be served without benefit of parole, probation, or suspension of sentence. Defendant appeals.

*438
FACTS

On June 29, 2010, K.K.,[1] who was 9 years old, and her younger sister were at their grandmother’s house. They left the house with defendant, who was their uncle (their grandmother’s brother), and rode with him to pick up their mother from work. After dropping K.K.’s mother off at her home in Luling, defendant brought K.K. and her sister to Monsanto Park to play.
| sAt trial, K.K. explained that she was playing in the tunnels while at the park, and she told her uncle that her feet were hurting. He started rubbing her feet, but then started to rub higher. He then touched her “private part” over her clothes. At trial, she demonstrated how defendant had touched her. She said that she told defendant to stop and he did. She then told him she wanted to go home. She testified that he asked her if she was going to tell her grandmother and mother, and she responded that she would. She explained that defendant dropped her off at home, and she told her mother what happened to her at the park. K.K. testified that no one told her what to say before she got to the hospital, and no one talked to her about what she would say at trial. K.K. testified that she “got along” good with defendant, had spent a lot of time with him, and was never afraid of him.
K.K.’s mother testified that defendant was her favorite uncle. She said that when defendant returned from the park, he dropped her daughters off at the beginning of her driveway. She believed that this was strange, because defendant did not get out of the car and pull into the driveway like he had always done before. She asked K.K. what was wrong, and she did not answer. After asking again, K.K. began to cry and then told her mother that Uncle Gus had touched her on her “private.” K.K.’s mother asked what had happened, and K.K. told her that while at the park she told defendant that her feet were hurting and defendant began rubbing her feet. He then went up her leg, touching her on her “private.” K.K. told her mother that she pushed his hand back and told him to stop. He told her he would never do it again, and she told him to bring her home.
K.K.’s mother called her friend to bring her to her mother’s house. While on the way to her mother’s house, she called the police, but then saw defendant with a police officer who was conducting a traffic stop. KK.’s mother explained that she 14exited the vehicle and charged defendant. The officer grabbed her and pulled her back. She later brought K.K. to the hospital, where she was examined.
Deputy James Dufrene of the St. Charles Parish Sheriffs Office testified that he conducted a traffic stop of defendant on the day of the incident after defendant ran a stop sign. Deputy Dufrene stated that as he was talking to defendant, a car pulled into the parking lot, and K.K.’s mother came toward them, waiving her arms and saying, “I’m going to kill that MF’er. He touched my baby. I’m going to kill you, you bastard.” Deputy Dufrene got between K.K.’s mother and defendant. Defendant was put in the deputy’s car for defendant’s safety.
*439 Dr. Brent Giuffre, an emergency room physician at St. Charles Parish Hospital, interviewed and examined 9-year-old K.K. at approximately 7:40 p.m. on the same date. According to Dr. Giuffre, K.K. gave a clear and concise statement about what had happened to her. She told him that her uncle had just touched her on her vagina after she had hurt her foot about an hour or so before her arrival at the hospital. She explained to the doctor that she told her uncle to stop and he did. She said he told her that he would never do it again. The examination revealed no findings and was normal. However, Dr. Gi-uffre testified that he did not expect to find any physical evidence, because K.K. said she was only touched outside of her clothing on her vagina.
The State presented a certified copy of a conviction from the 40th Judicial District Court in which defendant had previously pled guilty to carnal knowledge of a juvenile who was 13 years old at the time of the offense. Defendant was 53 years old at the time of the incident in the present case.

LAW AND DISCUSSION

In his sole assignment of error, defendant argues that the trial court erred in admitting evidence of other crimes, specifically his prior plea to carnal knowledge |Bof a juvenile in 1999. He claims this evidence was presented to inflame the jury into thinking defendant was a pedophile and that even if notice was afforded pursuant to LSA-C.E. art. 412.2, the State failed to overcome the extreme prejudice the evidence caused. He suggests that no balancing test was conducted as required by LSA-C.E. art. 403, no accounting was made for the fact that the conviction was from 1999, and there was no mention as to how the two crimes were even similar. Defendant contends that this trial error was not harmless because it deflated the defense theory that the juvenile was making the allegations out of spite or mistake. Defendant explains that the allegations were not consistently recounted and, even in its worst form, any contact was brief. Defendant concludes that the evidence, which was erroneously admitted, was extremely prejudicial and the jury’s verdict could not be considered unattributable to this error.
The State responds that although the prior conviction dated back to 1999, the trial judge properly exercised its discretion, noting that LSA-C.E. art. 412.2 does not provide a litmus test for when a prior conviction becomes outdated. The State further contends that even though defendant manufactured inconsistencies in the case, the victim’s testimony alone was sufficient to convict defendant. The State also asserts that the trial judge issued a limiting instruction to the jury as to how to consider the prior conviction. The State concludes that defendant’s prior conviction for carnal knowledge of a juvenile was relevant to show his propensity to sexually assault young women.
The fundamental rule in Louisiana governing the use of evidence of other crimes, wrongs, or acts is that such evidence is not admissible to prove that the accused committed the charged crime because he has committed other such crimes in the past. State v. Williams, 09-48, p. 9 (La.App. 5 Cir. 10/27/09), 28 So.3d 357, 363, writ denied, 09-2565 (La.5/7/10), 34 So.3d 860. The Louisiana | (¡Supreme Court first recognized a “lustful disposition” exception to the general rules of evidence in State v. Cupit, 189 La. 509, 179 So. 837 (1938). Williams, 09-48 at 10, 28 So.3d at 364. In 2001, the legislature codified this lustful disposition exception in LSA-C.E. art. 412.2, which governs the admission of evidence of similar crimes, wrongs, or acts in *440 sex offense cases and provides, in pertinent part, the following:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused’s commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the .balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provision of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
LSA-C.E. art. 403 provides that, “[a]l-though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.” A trial court’s ruling on the admissibility of evidence is reviewed for an abuse of discretion. This same standard is applied to rulings on the admission of other crimes evidence and evidence under LSA-C.E. art. 412.2. State v. Wright, 11-0141 (La.12/6/11), 79 So.3d 309, 316-17. In enacting Article 412.2, “the Legislature did not see fit to impose a restriction requiring such evidence to meet a stringent similarity requirement for admissibility.” Article 412.2 was enacted to loosen restrictions on “other crimes” evidence, and to allow evidence of “lustful disposition” in cases that involve sexual offenses. Id. at 317-18.
Thus, pursuant to LSA-C.E. art. 412.2, evidence of a prior sexual offense indicating that the defendant has a lustful disposition toward children is admissible |7if relevant and if the probative value outweighs the prejudicial effect. Williams, 09-48 at 11, 28 So.3d at 364; State v. Olivieri, 03-563 (La.App. 5 Cir. 10/28/03), 860 So.2d 207, 218.
In the present case, prior to trial, the State filed a notice of intent to use defendant’s prior conviction for carnal knowledge of a juvenile to prove intent, plan, and absence of mistake pursuant to LSA-C.E. art. 412.2. Defendant filed a motion in limine to prohibit such evidence. On the day of trial, prior to opening statements, the trial court denied the motion in limine and defendant’s objection was noted. The judge said that the evidence was admissible and that he would instruct the jury regarding the evidence. He also noted that the evidence was prejudicial, but recognized that the issue was whether it was unduly prejudicial.
At trial, it was stipulated that defendant had been previously convicted of carnal knowledge of a juvenile in St. John the Baptist Parish. Defendant stipulated to the victim’s age in his prior conviction as well. In its opening statement, the State mentioned the stipulation as to the prior conviction of “carnal knowledge, consensual sex with a thirteen year old girl.” The State said it showed defendant had a “lust for children.” The State further said that the judge would instruct the jury as to how to consider the prior conviction. Thereafter, the defense counsel mentioned the pri- or crime during the cross-examination of K.K.’s mother and K.K’s grandmother. After these inquiries during cross-examination and before closing arguments, the State presented a certified copy of the *441 conviction in which defendant pled guilty in the 40th Judicial District Court to carnal knowledge of a juvenile when the victim was 13 years old. The State asked that the evidence be published to the jury. The trial judge then instructed the jury as follows:
Ladies and gentlemen of the jury, evidence that the defendant was involved in the commission of an offense other then [sic] the Isoffense for which he is on trial is to be considered only for a limited purpose.
The sole purpose for which that prior conviction can be considered is whether to [sic] tends to show the defendant’s lustful disposition toward young girls or his propensity to sexual [sic] assault young girls who are under his care, custody, control or supervision.
Remember, Mr. Williams is on trial today only for the alleged offense charged. You may not find him guilty of this offense, merely because he may have perpetrated another crime previously.
Now it has been asked to publish the exhibits to the jury. What that means is to let you see copies of it. We have made copies of all the exhibits. We have a packet for each of y’all. We will give a stack on each end. Take the top one and pass the rest of them down to the juror next to you. Take your time in reviewing them.
In closing arguments, the State mentioned the prior conviction but noted that the only reason that the jury heard about the conviction was to show that the defendant had a lustful disposition toward young girls or children in case the jury was inclined to think that the incident was a mistake or accident. Defense counsel also mentioned the conviction in closing, and explained that what may or may not have happened in the past incident could not be used to determine the guilt or innocence in the instant case. Additionally, the trial judge included the following in the jury charges:
Evidence that the defendant was involved in the commission of an offense other than the offense for which he is on trial is to be considered only for a limited purpose. The sole purpose for which the prior conviction may be considered is whether it tends to show:
The defendant’s lustful disposition toward young girls, or his propensity to sexually assault young girls who are under his care, custody, control and supervision.
Remember the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he may have committed another offense previously.
Based on the record before us, we find that the trial judge did not err in his ruling of admissibility. Defendant was charged with molestation of a 9-year-old lagirl and the evidence of the prior act with a 13-year-old girl was highly relevant to show defendant’s lustful disposition towards young children. Additionally, although the instant act involved touching and the prior act involved intercourse, there is no requirement that the prior act be identical in nature to the charged offense. See State v. Johnson, 43,843, p. 15 (La.App. 2 Cir. 1/28/09), 2 So.3d 606, 615, writ denied, 09-0464 (La. 11/6/09), 21 So.3d 300. The similarities are sufficiently probative to support admissibility of evidence under Article 412.2. Further, the passage of time since the prior offense would not warrant exclusion.
The language used by the judge in denying the motion in limine implies that the judge applied the balancing test required under LSA-C.E. art. 403, whereby the *442 probative nature of the evidence is weighed against its prejudicial effect. For the same reason it is probative, the evidence of the prior act is prejudicial to defendant. However, the evidence was not so prejudicial so as to warrant its exclusion under LSA-C.E. art. 403. There was no indication that the other crimes evidence confused or misled the jury. The evidence was presented in an orderly manner, and the trial judge gave a limiting instruction regarding the prior conviction when the State presented the certified copy of defendant’s prior conviction and prior to jury deliberations. The trial court also clearly instructed the jurors that they were not to find guilt in this case based on the other sexual offense. The probative value of the other sexual offense evidence outweighed the danger of unfair prejudice to defendant, and the trial court did not abuse its discretion in admitting the evidence of the prior incident. Accordingly, this assignment of error is without merit.
Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App.10 5 Cir.1990), regardless of whether defendant makes such a request. Our review of the record did not reveal any errors that require corrective action.

DECREE

For the foregoing reasons, we affirm defendant’s conviction and sentence.

AFFIRMED

. The initials of the victim are used under the authority of LSA-R.S. 46:1844(W)(3), which allows the court to protect the identity of a crime victim who is a minor or a victim of a sex offense by using his or her initials. State v. Greene, 06-667, p. 3 (La.App. 5 Cir. 1/30/07), 951 So.2d 1226, 1229 n. 1, writ denied, 07-0546 (La. 10/26/07), 966 So.2d 571. The victim’s mother shares the victim's initials. As such, she will be referred to as K.K.’s mother.