MOORE, J.
Originally charged with molestation of a juvenile under the age of 13, Justin A. Manson was found guilty of indecent behavior with a juvenile under the age of 13 and sentenced to 22 years at hard labor, including two years without benefits. He now appeals his conviction and sentence. For the reasons expressed, we affirm.
FACTUAL BACKGROUND
In April 2015, the 12-year-old victim, LA, told her mother, BA, that the 23-year-old Manson had been touching her inappropriately. Manson was the son of BA's live-in boyfriend, and had lived in the house with LA, BA and other relatives for years; LA considered him a stepbrother. BA took LA to University Health for a sexual assault exam, and Shreveport Police were notified. The sexual assault nurse examiner found a positive dye uptake and micro abrasions at the bottom of LA's vaginal opening, consistent with a sexual assault.
At the hospital, LA told Det. Monique Robinson that she had been sexually assaulted by Manson, "most recently" the day before. LA and her mother consented to a physical evidence recovery kit ("PERK") to obtain DNA from LA's bodily samples and scheduled an interview for LA at Gingerbread House. Det. Robinson also got Manson to give DNA samples.
In this interview, which was video-recorded and played for the jury, LA stated, with candor and precision, that Manson had touched and inserted his hands into her vagina, and this progressed to sexual intercourse, vaginal and anal, which occurred "numerous times." Genetic testing on the PERK showed that DNA taken from LA's vaginal and cervical swabs, and her vaginal washings, were consistent with Manson's DNA, or a male within his paternal lineage.
Police obtained an arrest warrant and took Manson into custody on June 3, 2015.
PROCEDURAL HISTORY
The state charged Manson with molestation of a juvenile under the age of 13, La. R.S. 14:81.2 A(1) and D(1). In response to discovery, the state disclosed that Manson had previously pled guilty to carnal knowledge of a juvenile, in Bossier Parish in September 2010, receiving a sentence of three years at hard labor, suspended, with two years' supervised probation.[1] The state *1175 filed a notice of its intent to use this conviction to prove, under La. C.E. art. 412.2, his propensity to engage in sexually assaultive behavior and his lustful disposition toward children. Manson countered that this was other-crimes evidence and inadmissible under La. C.E. art. 404 B. However, after a hearing on the second day of trial, outside the jury's presence, the court ruled the prior conviction was admissible for the purposes of Art. 412.2.
Trial was held over three days in July 2017 before a 12-member jury. The state's witnesses testified as outlined above, and the Gingerbread House video was played for the jury. LA confirmed that she was honest about everything she said in the interview.
The state also offered a certified copy of the bill of information for the prior offense of carnal knowledge of a juvenile, showing that the victim there was a 15-year-old girl, along with certified copies of the court minutes and fingerprints taken in that case; Corporal John McCain, of the Caddo Parish Sheriff's Office, testified that these matched Manson's exemplars taken in open court. Cpl. McCain also testified that in the prior offense, the age difference between Manson and his victim was a little over three years.
Manson did not take the stand, but his girlfriend testified that over the two years she had known him, she never saw any inappropriate behavior between him and LA. The girlfriend's aunt testified that LA "recanted" her accusations in a phone call.
At the close of trial, the court instructed the jury that evidence that the defendant was involved in the commission of an offense other than the one for which he was on trial "is to be considered only for a limited purpose," specifically, "whether it demonstrates a lustful disposition toward children." Further, "You may consider such evidence for these purposes, but may not find him guilty of the offense merely because he may have committed another offense or act."
After deliberating a little over an hour, the jury found Manson guilty of the lesser and included offense of indecent behavior with juveniles when the victim is under the age of 13, La. R.S. 14:81 H(2). The court ordered a presentence investigation ("PSI") and, at a hearing in September 2017, sentenced Manson to 22 years at hard labor, including two years without benefits, and ordered him to register as a sex offender.
Manson filed a motion for new trial urging that the prior conviction, carnal knowledge of a juvenile, involved consensual acts, did not show a lustful disposition toward children, and admitting it into evidence deprived him of a fair trial. He also filed a motion to reconsider sentence on grounds that 22 years was apparently excessive for a man of his age (26 at the time of sentencing). The court denied both motions, and this appeal followed.
DISCUSSION
Admission of Art. 412.2 Evidence
By his first assignment of error, Manson urges the district court erred in admitting Art. 412.2 evidence that involved alleged conduct that was not similar to the charged conduct and was unduly prejudicial. He concedes that the state offered no details about the offense that led to his prior conviction, but argues that it arose from "consensual sex with a fellow student at Parkway High School," a fact of which the jury was not made aware. He contends that the fact of his prior conviction of carnal knowledge of a juvenile does not *1176 make it any more reasonable that he would molest his stepsister, and it only prejudiced the jury against him. In support, he cites the balancing test described in State v. Dale , 50,195 (La. App. 2 Cir. 11/18/15), 180 So.3d 528, writ denied , 2015-2291 (La. 4/4/16), 190 So.3d 1203, and submits that the admission of this evidence was not harmless error.
Generally, evidence of other acts of misconduct is not admissible because it creates the risk that the defendant will be convicted of the present offense simply because the unrelated evidence establishes him as a "bad person." La. C.E. art. 404 B(1); State v. Jacobs , 99-0991 (La. 5/15/01), 803 So.2d 933 ; State v. Dale , supra . This rule of exclusion stems from the "substantial risk of grave prejudice to the defendant" from the introduction of evidence regarding his unrelated criminal acts. State v. Jacobs , supra ; State v. Prieur , 277 So.2d 126 (La. 1977). However, Art. 412.2 creates an exception to the rule of Art. 404 B(1). State v. Layton , 2014-1910 (La. 3/17/15), 168 So.3d 358 ; State v. Dale , supra . Article 412.2 provides, in pertinent part:
When an accused is charged with a crime involving * * * acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant[.]
The admissibility of evidence under Art. 412.2 depends on whether its probative value substantially outweighs the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay or waste of time. La. C.E. art. 403 ; State v. Dale , supra . Article 412.2 does not limit the admissibility of prior acts only to those identical or similar in nature. State v. Wright , 2011-0141 (La. 12/6/11), 79 So.3d 309 ; State v. Johnson , 50,005 (La. App. 2 Cir. 8/12/15), 175 So.3d 442, writ denied , 2015-1687 (La. 9/16/16), 206 So.3d 203.
A trial court's ruling on the admissibility of such evidence will not be overturned absent an abuse of discretion. State v. Wright , supra ; State v. Dale , supra . Even if an appellate court finds that the trial court abused its discretion in admitting evidence under Art. 412.2, the issue is subject to harmless error review. State v. Garcia , 2009-1578 (La. 11/16/12), 108 So.3d 1, cert. denied , 570 U.S. 926, 133 S.Ct. 2863, 186 L.Ed.2d 926 (2013) ; State v. Dale , supra .
The main thrust of Manson's argument is that the prior offense, carnal knowledge of a juvenile, was consensual and did not indicate a lustful disposition toward children. In that offense, Manson pled guilty to having consensual sex with a 15-year-old girl when he was 18; in the instant offense, he was charged with molesting a 12-year-old girl when he was 23.
This court rejected a similar argument in State v. Berry , 51,213 (La. App. 2 Cir. 5/17/17), 221 So.3d 967. The 31-year-old defendant in Berry was charged with, among other things, indecent behavior with a 15-year-old male. The trial court allowed the state to offer evidence of the defendant's two prior convictions, both for carnal knowledge of juveniles; the jury convicted him as charged. On appeal, the defendant argued that the court erred in admitting the prior convictions, as the first involved consensual sex between two teenagers (closeness of age, unlike in the charged offense), and the second, a 15-year-old girl (unlike a boy, in the charged offense). This court found the alleged differences immaterial, as the prior convictions *1177 were relevant to prove a lustful disposition toward children. Other cases have also held that a prior conviction of carnal knowledge of a juvenile is admissible Art. 412.2 evidence in a trial for molestation of a juvenile, State v. Williams , 11-876 (La. App. 5 Cir. 3/27/12), 91 So.3d 437, writ denied , 2012-1013 (La. 9/21/12), 98 So.3d 334, and for indecent behavior with juveniles, State v. Lestrick , 13-289 (La. App. 5 Cir. 10/9/13), 128 So.3d 421, writ denied , 2013-2643 (La. 4/25/14), 138 So.3d 643.
In the instant case, both the prior conviction and the charged offense involved sexual conduct with underage girls. This satisfied the standard of a lustful disposition toward children. Moreover, the district court's charge thoroughly instructed the jury of the limited purpose for which the prior conviction could be used, and admonished the jury not to convict Manson solely because of his prior offense. Finally, it appears beyond a reasonable doubt that even if the evidence was prejudicial, it did not contribute to the verdict obtained. In addition to the forensic evidence and LA's consistent reports to her mother, the sexual assault nurse examiner and a police detective, LA's video recorded interview at Gingerbread House was remarkably direct and compelling. The district court did not abuse its discretion in finding that the prior conviction satisfied Art. 412.2 and was admissible. This assignment of error lacks merit.
Excessive Sentence
By his second assignment of error, Manson urges the court erred in imposing an unconstitutionally harsh and excessive sentence. He argues that the maximum sentence was 25 years, and that he does not merit a near-maximum sentence of 22 years because he is "not the worst of the worst defendants convicted of indecent behavior with a juvenile." He also contends that for a (now) 27-year-old offender, a 22-year sentence is grossly disproportionate to the severity of the offense and constitutes nothing more than needless infliction of pain and suffering, prohibited by State v. Bonanno , 384 So.2d 355 (La. 1980), and State v. Smith , 2001-2574 (La. 1/14/03), 839 So.2d 1.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Marshall , 94-0461 (La. 9/5/95), 660 So.2d 819. No sentencing factor is given greater weight by statute than any other factor. State v. Taves , 2003-0518 (La. 12/3/03), 861 So.2d 144. Manson does not contend that the district court either failed to consider or incorrectly applied any of the Art. 894.1 guidelines. In fact, the court performed a complete and thoughtful analysis of all the factors, finding seven aggravating factors and "absolutely no" mitigating circumstances. The record easily satisfies the first prong of excessiveness review.
The second prong is constitutional excessiveness. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman , 99-1753, 99-1528 (La. 5/16/00), 769 So.2d 1158. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in *1178 the absence of manifest abuse of that discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7. The issue is not whether some other sentence might have been more appropriate, but whether the district court abused its discretion. Id. ; State v. Presentine , 52,241 (La. App. 2 Cir. 4/5/17), 217 So.3d 590. As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto , 2007-2031 (La. 2/15/08), 974 So.2d 665 ; State v. Presentine , supra .
The sentence range for indecent behavior with juveniles on a victim under the age of 13 when the offender is 17 years old or older is not less than two nor more than 25 years at hard labor, with at least two years served without benefit of probation, parole or suspension of sentence. La. R.S. 14:81 H(2).
Manson's sentence of 22 years at hard labor, including two years without benefits, is obviously near the maximum and is a harsh sentence. The district court aptly found, however, that Manson's criminal history was "troubling," as it showed a tendency to disrespect the law, orders of the court, and the sanctity of children's bodies.[2] The victim's Gingerbread House interview graphically recounted that Manson had used his hands on and in her private parts for months, inserted his penis in her vagina "numerous times," and entered her anus twice. This pattern of repeated and persistent conduct, paired with Manson's criminal history, would support a maximum sentence. However, because the jury gave Manson the "benefit of a responsive verdict on [a] lesser crime," the court stated it would follow their lead and not impose the maximum. On this record, we find no abuse of the district court's sentencing discretion. This assignment lacks merit.
CONCLUSION
In addition to the assigned errors, this court has reviewed the entire record and finds nothing that would constitute error patent. La. C. Cr. P. art. 920 (2). For the reasons expressed, Justin A. Manson's conviction and sentence are affirmed.
AFFIRMED .

Manson had also pled guilty to misdemeanor carnal knowledge of a juvenile in February 2010; to violating a protective order in June 2010; to attempted failure to register as a sex offender in April 2011; and had his probation revoked in August 2011.

In addition to the offenses listed in footnote 1, Manson was charged with failure to register as a sex offender in 2015, but that charge was dropped at the conclusion of the instant trial.