Judgment rendered December 15, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,153-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

ROBIN DARRELL ALLEN                   Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 228,447A

Honorable Michael O. Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By:  Douglas Lee Harville

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

JOHN M. LAWRENCE
DALE N. MONTGOMERY, II
Assistant District Attorneys

* * * * *

Before GARRETT, STEPHENS, and ROBINSON, JJ.

**GARRETT, J.**

The defendant, Robin Darrell Allen, was tried and convicted on a charge of molestation of a juvenile. He was sentenced to eight years at hard labor, to be served consecutively with any other sentence. The defendant appealed, asserting that the trial court erred in denying his motion in limine and allowing admission of evidence of other crimes which were more serious than the conduct with which he was charged. We affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

In 1997 and 1998, Allen babysat his daughter (who was born in late 1991) on several occasions while her mother, from whom Allen was divorced, attended evening educational classes. According to the daughter's trial testimony, on one such occasion, she caught him watching a pornographic video. He showed the video to her and masturbated in front of her. On other occasions, he digitally penetrated her vagina and engaged in oral sex with her. She told her mother about the video but not the sexual contact. Thereafter, Allen was not allowed to be around her except in the presence of another adult.

In about 2006, when the daughter was 15 years old, she came into contact with Allen on a more regular basis. She visited him at his Minden home when his girlfriend was present. Twice the daughter was at the Minden house when the girlfriend was absent. On both occasions, Allen engaged in sexual intercourse with her. Several years later, after the daughter married, she told her mother all that had transpired between her and Allen; her mother corroborated the conversation. At the time, the daughter did not want to press charges.

In 2018, there was an incident when Allen entered the daughter's home uninvited. She contacted the police and told them everything Allen had done to her. She met with Allen while wearing audio and video surveillance equipment. During their conversation, he made extremely explicit admissions pertaining to the inappropriate sexual conduct between them that occurred when she was a teenager, including the fact that they had sexual intercourse on his girlfriend's bed. The police, who were surveilling them for the daughter's protection, took Allen into custody. Thereafter, he was interviewed by Detective Tim Wooten of the Bossier Parish Sheriff's Office and gave a video-recorded statement. During the interview, Allen stated that he was molested as a child, and he admitted molesting a 10-year-old girl when he was about 14 years old. He denied ever touching or having sex with his daughter. He also denied watching pornography with her and said that he was unaware of her watching him masturbate. He said his daughter had walked in on him while he was using the bathroom. When informed of her exact claims, he said, "It is what it is," and that it was his word against hers. At the conclusion of the interview, the detective informed Allen that he was seizing his cellphone. After initially denying that he knew the passcode, Allen finally gave the passcode to the detective and admitted that there was "a bunch" of pornography on his cellphone.

The record indicates that, in addition to molestation of a juvenile, Allen was charged with several other offenses including unauthorized entry of an inhabited dwelling and possession of pornography involving a juvenile. As to the molestation charge, there were four different bills of information filed. Two of them included charges pertaining to Allen's daughter and another victim. The charge pertaining to the other victim was

2

eventually dismissed at the beginning of trial. The final bill of information, which was filed just prior to the commencement of trial, addressed only the charge pertaining to the daughter and stated that the offense occurred between January 1, 1997, and December 31, 1998.

On October 7, 2020, Allen filed two motions in limine to exclude "evidence of other crimes, wrongs, or acts." One dealt with other crimes mentioned in conversations between Allen and the daughter on a tape-recorded phone call and on the hidden camera video. The other motion recited that Allen had pending charges of unauthorized entry of an inhabited dwelling, molestation of a juvenile, and possession of child pornography. It stated that he gave a recorded statement to law enforcement which contained information on other crimes he committed as a juvenile, as well as other crimes "years apart" from the currently charged offenses. Both motions sought exclusion of other crimes Allen committed that were "far apart in time" from the currently charged cases and asserted that they should not be admitted pursuant to the balancing test of La. C.E. art. 403.

Trial was set for October 12, 2020. Allen rejected a plea offer of molestation of a juvenile with a 10-year sentencing cap; he was willing to plead guilty to only the unauthorized entry charge. The state announced its intention to try the defendant on the molestation and pornography charges. However, the trial court granted Allen's motion to sever, and trial proceeded on just the molestation charge.

On October 13, 2020, the trial court heard Allen's two motions in limine. As to the motion pertaining to the hidden audio/video recording, the defense argued that allowing evidence as to the 2006/2007 acts of sexual intercourse would unduly prejudice Allen as to the 1997/1998 molestation

charge. The state contended that, while prejudicial, the prejudice was outweighed by the substantive value of showing that Allen was an opportunist when it came to the daughter and that he would engage in this sort of behavior when left alone with her. The trial court denied the motion, finding that it was the same victim and showed a *modus operandi* or pattern. As to the motion pertaining to Allen's recorded statement to the police, the trial court ruled that mention of other victims was inadmissible, as was reference to Allen's crimes as a juvenile. An agreement was reached whereby the state would pause and forward through mention of crimes involving other victims while playing the statement for the jury.

Evidence was presented on October 14, 2020. In addition to the daughter and her mother, Detective Wooten also testified. The audio/video recording of the daughter's conversation with Allen was played for the jury during her testimony, while Allen's redacted video-recorded statement to Detective Wooten was played during the detective's testimony. The defendant did not testify or present any evidence. The jury returned a unanimous verdict of guilty as charged.

Allen filed motions for new trial and for post-verdict judgment of acquittal, in which he contended that the jury should not have been allowed to hear the other crimes evidence against him. In the latter, he also argued that the testimony was inconsistent. Both motions were denied prior to sentencing on January 14, 2021. The trial court sentenced Allen to serve eight years at hard labor, to be served consecutively with any other sentence.

Allen appealed, contending that the trial court erred in admitting La. C.E. art. 412.2 evidence that was more serious than the conduct with which

he was charged and that the evidence was unduly prejudicial given its remoteness in time to the charged act.

## LAW

The defendant was charged pursuant to La. R.S. 14:81.2. At the time of the alleged offense, it read, in relevant part, as follows:

> A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

> B. Whoever commits the crime of molestation of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.

> C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.

La. C.E. art. 404(B) sets forth the general rule regarding other crimes or acts:

> B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such

5

evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

La. C.E. art. 412.2, which addresses admission of evidence of similar crimes, wrongs, or acts in sex offense cases, states:

A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.

C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.[1]

Admission of the evidence still turns on the balancing test provided by La. C.E. art. 403, which reads:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

A trial court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion. This same standard is applied to rulings on the admission of other crimes evidence and evidence under La. C.E. art. 412.2. *State v. Robertson*, 51,521 (La. App. 2 Cir. 8/16/17), 243 So. 3d 1196. The introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis on appeal.

---

[1] This statute was enacted in 2001 and amended to its present version in 2004.

6

*State v. Floyd*, 51,869 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1165, *writ denied*, 18-1292 (La. 2/25/19), 266 So. 3d 288; *State v. Davis*, 44,656 (La. App. 2 Cir. 11/18/09), 26 So. 3d 802, *writ denied*, 09-2768 (La. 6/25/10), 38 So. 3d 355. In this context, the proper analysis for harmless error review is "to determine whether the guilty verdict actually rendered at trial was surely unattributable to the erroneous admission of La. C.E. art. 412.2 evidence." *State v. Kurz*, 51,781 (La. App. 2 Cir. 2/28/18), 245 So. 3d 1219, *writ denied*, 18-0512 (La. 1/18/19), 262 So. 3d 285, and *writ denied*, 18-0529 (La. 3/25/19), 267 So. 3d 598, *cert. denied*, 139 S. Ct. 1624, 203 L. Ed. 2d 905 (2019).

## DISCUSSION

In his sole assignment of error, Allen argues that the trial court erred in admitting the evidence that he engaged in sexual intercourse with his daughter when she was a teenager because it was more serious than the conduct with which he was charged, molestation of the girl when she was between the ages of five and seven. The victim testified that in 1997/1998 Allen masturbated in front of her, digitally penetrated her, and had her perform oral sex on him. According to Allen, her testimony that he also had vaginal intercourse with her twice in 2006/2007 (and presumably his own recorded admissions to these acts) violated La. C.E. art. 403, as their prejudicial effect outweighed their probative value. He requests that his conviction be reversed, his sentence vacated, and the matter remanded for further proceedings. In support of his argument, he cites *State v. Jackson*, 625 So. 2d 146 (La. 1993). However, he concedes that the jurisprudence has ruled that the amendments to La. C.E. art. 412.2 have rendered the *Jackson* analysis outdated. Nonetheless, he maintains that the only relevance for the

7

other offenses is to show him to be a man of bad character and to undermine the presumption of innocence with overly prejudicial evidence.

In its brief, the state contends that Allen was convicted by evidence properly admitted pursuant to La. C.E. art. 412.2. It asserts that the evidence admitted under that article passed the balancing test of La. C.E. art. 403. Furthermore, the state points out that such admissibility determinations should not be overturned absent a clear abuse of discretion and that La. C.E. art. 412.2 does not limit admissibility of prior acts only to those identical or similar in nature. We agree with the state.

In the *Jackson* case cited by Allen, which was rendered in 1993, a defendant was charged with molesting his granddaughters by kissing them and fondling their breasts. His prior actions of committing the same acts against his daughters were deemed admissible, but alleged prior acts of raping a daughter, showing his penis to another daughter, and fondling their vaginas were inadmissible because they were "dissimilar and more serious than the current criminal charges" and their prejudicial effect would outweigh their probative value. Subsequently, the legislature enacted La. C.E. art. 412.2. The jurisprudence has interpreted the statute as being enacted to loosen restrictions on "other crimes" evidence and to allow evidence of "lustful disposition" in cases involving sexual offenses. See *State v. Wright*, 11-0141 (La. 12/6/11), 79 So. 3d 309; *State v. Floyd*, *supra*. Furthermore, La. C.E. art. 412.2 does not limit the admissibility of prior acts only to those identical or similar in nature. *State v. Manson*, 52,311 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1172.

As noted above, in Allen's statement to Detective Wooten, he denied committing the instant offense and said it was his word against his

daughter's. All of the evidence of sexually assaultive acts that the trial court allowed the state to present in the instant case involved the same victim. The trial court excluded any other evidence. Under La. C.E. art. 412.2 and the current jurisprudence, there was no requirement that the evidence meet a stringent similarity requirement for admissibility. While prejudicial, the acts were substantially probative to demonstrate Allen's opportunistic propensity to engage in sexual activity with his daughter on occasions when he had unsupervised access to her. We find that the trial court did not abuse its discretion in ruling that the evidence was admissible. This assignment of error lacks merit.

## ERROR PATENT

Review of the record reveals several errors patent. First, the defendant's motion for new trial was denied at the sentencing hearing. There was no 24-hour sentencing delay or waiver of same as required by La. C. Cr. P. art. 873. However, Allen did not object to the failure to observe the 24-hour sentencing delay after the denial of the motion for new trial and there is no showing of prejudice. Therefore, the trial court's failure to observe the sentencing delay was harmless error. *State v. Lewis*, 53,122 (La. App. 2 Cir. 1/15/20), 289 So. 3d 661.

The trial court did not properly advise Allen of the prescriptive period for seeking post-conviction relief ("PCR"), as required by La. C. Cr. P. art. 930.8(C). Therefore, we advise Allen, by way of this opinion, that no application for PCR shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under La. C. Cr. P. arts. 914 or 922. *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

9

The record indicates that the trial court failed to provide Allen with written notice of the sex offender registration requirements set forth in La. R.S. 15:540, *et seq*. Molestation of a juvenile is defined as a sex offense under La. R.S. 15:541. La. R.S. 15:543 requires that the trial court provide written notice of the registration and notification requirements to a defendant convicted of a sex offense and that an entry be made in the court minutes stating that the written notification was provided to the defendant. Accordingly, we remand this matter to the trial court for the purpose of providing the appropriate written notice to Allen of the sex offender registration requirements on his conviction and for the filing of written proof of such notice in the record of the proceedings. *State v. Pittman*, 51,602 (La. App. 2 Cir. 4/11/18), 244 So. 3d 830, *writ denied*, 18-0701 (La. 10/15/18), 253 So. 3d 1307.

We also note the following error on the defendant's uniform sentencing commitment order: in Section "B. SENTENCE," the form indicates that he pled guilty ("PG"), whereas there was a guilty verdict ("Verdict"). On remand, the trial court is ordered to correct this error.

## CONCLUSION

We affirm the conviction and sentence of the defendant, Robin Darrell Allen. We remand this matter to the trial court for the limited purpose of providing the defendant with the appropriate written notice of the sex offender registration requirements. The trial court is further directed to correct the defendant's uniform sentencing commitment order as specified above.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**